IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARLTON HARRIS-BEY                                                                          PLAINTIFF

v.                                                                                          No. 4:08CV51-P-A

LEFLORE COUNTY JAIL, ET AL.                                                                DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Carlton Harris-Bey, who brings his claims under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

The plaintiff alleges that he was arrested by officers the Greenville Police Department and charged with robbery. The officers contacted the F.B.I.; a special agent interviewed the plaintiff and arrested him for bank robbery. The plaintiff was transported to the Leflore County Jail at the Delta Correctional Facility. He did not receive an initial appearance. The United States Marshal Service attempted to serve an arrest warrant upon the plaintiff, but the jail staff members would not provide a copy to the plaintiff. Although the plaintiff is represented by counsel, he has not read the indictment and is unsure of the charges for which he has been indicted. The plaintiff believes that the charges for which he is being held have been dismissed, and he seeks immediate release from incarceration.

**Discussion**

The court, *sua sponte,* takes up the dismissal of the plaintiff's case filed under 42 U.S.C. § 1983. The plaintiff, a prisoner proceeding *pro se*, seeks review of his sentence imposed under the laws of the United States and Mississippi. He seeks immediate release because he claims the charge for which he is being detained has been dismissed. The plaintiff does not challenge the conditions of his confinement, as required under 42 U.S.C. § 1983; he instead challenges the fact and duration of his confinement, a claim which he should have brought as a *habeas corpus* claim under 28 U.S.C. § 2254 – or as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. A claim under 42 U.S.C. § 1983 does not accrue until the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). As the plaintiff has not shown that his conviction or sentence has been reversed, expunged, invalidated or impugned by the grant of a writ of *habeas corpus*, his claim under 42 U.S.C. § 1983 is not ripe for consideration and should be dismissed without prejudice to his ability to file a *habeas corpus* claim under 28 U.S.C. § 2254 or 28 U.S.C. § 2255. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 19th day of June, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE